J-S53028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL DONALD GILL, III, | |
| Appellant | No. 2129 MDA 2015 |

Appeal from the Order Entered November 10, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001488-2009

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED AUGUST 11, 2016**

Appellant, Earl Donald Gill, III, appeals from the order entered on November 10, 2015, in the Lebanon County Court of Common Pleas that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this matter were set forth by the PCRA court as follows:

> After a jury trial was conducted on November 6, 2009, [Appellant] was convicted of Statutory Sexual Assault, Corruption of Minors, and Indecent Assault. On February 24, 2010, [Appellant] was sentenced to 163 days to 2 years less one day incarceration in addition to standard offender conditions. His direct appeal was affirmed by the Pennsylvania Superior Court on March 10, 2011.

_____

[*]  Former Justice specially assigned to the Superior Court.

On April 9, 2012, [Appellant] filed his first Petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §9541 *et seq*. Because [Appellant] had already served his period of incarceration and was not on parole or probation, we denied his Petition by order dated August 20, 2013.

On May 5, 2015, [Appellant] filed a "Pre-Trial Motion"[1] requesting arrest of judgment or new trial. In his Motion, he alleged that the prosecuting officer threatened and coerced the victim to make false statements about these charges. [Appellant] alleges that this did not come to light until the victim voluntarily divulged this information to an investigator on April 3, 2015. Attached to the Motion was the victim's affidavit attesting to those facts.

PCRA Court Opinion, 11/10/15, at 1-2 (internal footnote omitted) (footnote added).

The PCRA court properly treated the motion as a PCRA petition[2] and denied relief in an order filed on June 11, 2015.  Appellant filed a motion for reconsideration that was granted in an order filed on July 1, 2015.  The PCRA court held a hearing on September 28, 2015, and both the Commonwealth and Appellant submitted briefs.  On November 10, 2015, the PCRA court denied Appellant's petition, and this timely appeal followed.

---

[1] While Appellant's motion is indeed titled a pretrial motion, the body of the document specifically requests post-sentence relief.  Motion, 5/5/15, at unnumbered 1-3.

[2] **See Commonwealth v. Descardes**, 136 A.3d 493, 498 (Pa. 2016) (reiterating that the PCRA is the exclusive means for obtaining collateral relief); and **see** Pa.R.Crim.P. 720(C), cmt., which will be discussed below.

Our standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id*.

However, as noted by the PCRA court, there is a jurisdictional barrier herein. Appellant is no longer serving a sentence, and it is well settled that defendants who are no longer serving a sentence are ineligible for relief under the PCRA. *Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997) (citing 42 Pa.C.S. § 9543(a)(1)(i)).

Appellant attempts to circumvent the exclusivity of the PCRA by arguing that the underlying motion is based on after-discovered evidence pursuant to Pa.R.Crim.P. 720(C). Appellant's Brief at 11. We conclude that Appellant's attempt at distinction is of no moment.

The comment to Rule 720 provides as follows:

Unlike ineffective counsel claims, which are the subject of *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), paragraph (C) requires that any claim of after-discovered evidence must be raised promptly after its discovery. Accordingly, after-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage; after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge; **and after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA. *See***

> 42 Pa.C.S. § 9545(b)(1)(ii) and (b)(2) (PCRA petition raising after-discovered evidence must be filed within 60 days of date claim could have been presented).

Pa.R.Crim.P. 720, cmt. (emphasis added). Thus, Appellant's motion falls within the purview of the PCRA, and as the PCRA court and Commonwealth pointed out, Appellant is no longer serving a sentence. Accordingly, pursuant to **Ahlborn** and 42 Pa.C.S. § 9543(a)(1)(i), the PCRA court was without jurisdiction to rule on Appellant's motion.

For the reasons set forth above, we discern no error of law or abuse of discretion. Appellant's post-sentence motion was properly treated as a PCRA petition, and due to the fact that Appellant was no longer serving a sentence, the PCRA court denied the petition as it was without jurisdiction. After review, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2016