J-S63029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KINYATTA HOUSTON, | |
| Appellant | No. 455 EDA 2016 |

Appeal from the PCRA Order January 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0401601-1990

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 23, 2016**

Appellant, Kinyatta Houston, proceeding *pro se*, appeals from the January 22, 2016 order dismissing his petition for *habeas corpus*/writ of *coram nobis*.  We affirm.

The PCRA court recounted the procedural history and rendered its decision on the instant petition, as follows:

> On January 3, 1991, [Appellant] entered into a guilty plea before the Honorable Carolyn Temin to two counts of Aggravated Assault, two counts of Criminal Conspiracy, and one count of Theft by Unlawful Taking.  [Appellant] was sentenced to an aggregate term of imprisonment of two to five years. No direct appeal was filed.
>
> On March 11, 2015, [Appellant] filed the instant petition. After conducting an extensive and exhaustive review of these

---

[*]  Former Justice specially assigned to the Superior Court.

filings, the record and applicable case law, this [c]ourt found that [Appellant] was no longer subject to a sentence for the conviction. Therefore, this [c]ourt did not have jurisdiction to consider [Appellant's] [Post Conviction Relief Act ("PCRA")] petition.

PCRA Court Opinion, 1/22/16, at 1.

The PCRA court explained:

Eligibility for relief under the PCRA is governed by 42 Pa.C.S.A. § 9543, which provides in pertinent part:

(a) General rule.-**To be eligible for relief** under this subchapter, the petitioner **must plead and prove** by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:

(i) **currently serving a sentence of imprisonment, probation or parole** for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence. (Emphas[e]s added).

Upon review, the record reveals that [Appellant] is not currently subject to a sentence for the instant conviction. The instant petition was filed on March 11, 2015, which is almost 20 years after [Appellant] finished serving his sentence. Therefore, pursuant to the plain language of the statute, [Appellant] is not eligible for relief.

[Appellant] argues that he filed a Writ of Coram Nobis and should not be subject to the dictates of the Post Conviction Relief Act. This position is contrary to the language of the PCRA, which explicitly states that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S.A. § 9542.

For the above reasons, [Appellant's] claims are meritless, and his arguments do not warrant any grant of relief from this court, and the petition is therefore denied due to lack of standing.

PCRA Court Opinion, 1/22/16, at 2 (emphasis in original).

Appellant raises seven issues for review:

1. Whether Judge Minehart erred in dismissing Appellant's Writ of Habeas Corpus Petition?

2. Whether the Writ of Habeas Corpus exist[s] where there is no remedy under Post Conviction Relief Act (PCRA)?

3. Whether Appellant was charged with an aggravated assault in the 1990 incident?

4. Whether Appellant can plea to a charge in which he was never formally charged?

5. Whether Appellant's Constitutional Rights [were] violated?

6. Whether a court has authority to leave in place a conviction or sentence that violates a substantive Rule?

7. Whether a court may deny a controlling right asserted under the Constitution?

Appellant's Brief at 4.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013) (quoting *Commonwealth v. Spotz,* 18 A.3d 244, 259 (Pa. 2011)).

Because our jurisdiction to consider the merits of Appellant's petition is at question, we address that issue *ab initio*. Having done so, we conclude that the Pennsylvania Supreme Court's decision in *Commonwealth v.*

- 3 -

*Descardes*, 136 A.3d 493 (Pa. 2016), is dispositive. Therein, the High Court stated:

> [T]his Court has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. *See Commonwealth v. Turner,* 622 Pa. 318, 80 A.3d 754, 770 (2013) ("The PCRA at Section 9542 subsumes the remedies of habeas corpus and coram nobis.").

*Descardes*, 136 A.3d at 501 (some citations omitted). The Court reemphasized that "where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review." *Id*. at 503.

The allegations included in the instant petition for *habeas corpus*/writ of *coram nobis* can be summarized as follows: 1) Appellant's guilty plea for aggravated assault was unlawful because he was not charged with aggravated assault and did not commit this offense; 2) the guilty plea was unconstitutional because it was without factual basis; 3) Appellant's federal due process rights were violated when he pled guilty to an uncharged offense, and 4) the trial court lacked jurisdiction to accept the plea. Petition for State *Habeas Relief/Writ of Coram Nobis*, 3/11/15, at 1–4.[1]

Each of Appellant's allegations is cognizable under the PCRA. Regarding the lawfulness of Appellant's guilty plea, 42 Pa.C.S. § 9543 (a)(2)(iii) provides that one is eligible for collateral relief if a preponderance

---

[1] We note that the record certified on appeal indicates that Appellant was charged with aggravated assault.

of the evidence proves that the conviction or sentence resulted from "a plea of guilty unlawfully induced where the circumstances made it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." Additionally, 42 Pa.C.S. § 9543(a)(2)(i), affording PCRA relief when a conviction or sentence resulted from a constitutional violation, subsumes Appellant's claims that his guilty plea was unconstitutional and that his due process rights were violated. Finally, PCRA relief is available when the conviction or sentence resulted from "a proceeding in a tribunal without jurisdiction." 42 Pa.C.S. § 9543(a)(2)(viii). Therefore, as Appellant's claims are cognizable under the PCRA, the PCRA court correctly adjudicated his petition under the PCRA.

One of the tenets concerning eligibility for relief under the PCRA is that the petitioner is "currently serving a sentence of imprisonment, probation, or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i). The PCRA court found that the instant petition was filed almost twenty years after Appellant finished serving his sentence. This finding is aptly supported by the record. Therefore, the PCRA court properly dismissed the petition for lack of jurisdiction. **See Descardes**, 136 A.3d at 503 (where claim was cognizable under the PCRA, petition should be dismissed when petitioner was no longer incarcerated).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/23/2016</u>