J-S27021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB KNIZE | : | |
| | : | |
| Appellant | : | No. 137 WDA 2021 |

Appeal from the PCRA Order Entered January 13, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004204-2012

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: NOVEMBER 1, 2021**

Appellant Jacob Knize appeals from the order dismissing his Post Conviction Relief Act[1] (PCRA) petition as untimely and meritless. Appellant argues that the PCRA court had jurisdiction to review his challenges to the Sexual Offender Registration and Notification Act[2] (SORNA) outside of the PCRA. He also claims that Subchapter I's registration requirements violate *ex post facto* principles. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29) (collectively, SORNA II). Acts 10 and 29 amended the former version of SORNA (SORNA I) after our Supreme Court found SORNA I unconstitutional in **Commonwealth v. Muniz**, 164 A.3d 1189, 1218 (Pa. 2017).

Briefly, Appellant pled guilty to multiple sex offenses based on allegations that he sexually assaulted an eighteen-month-old child in March of 2012. On September 10, 2012, the trial court sentenced Appellant to an agreed-upon aggregate term of ten to thirty years' incarceration, followed by five to ten years' probation. Appellant's sentence also included a lifetime registration requirement under Megan's Law III.[3] Appellant did not file post-sentence motions or a direct appeal.

On July 3, 2019, Appellant filed a *pro se* PCRA petition in the instant matter. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. Appellant challenged his registration requirements under SORNA and also requested that the PCRA court stay the proceedings pending the outcome of our Supreme Court's decision in **Commonwealth v.**

---

[3] On December 20, 2012, Megan's Law III was replaced by SORNA I, 42 Pa.C.S. §§ 9799.10-9799.41 (eff. 2012). Thereafter, in 2017, our Supreme Court found that SORNA I's registration requirements were "punitive in effect." **Muniz**, 164 A.3d at 1218. Therefore, the Court concluded that SORNA I violated *ex post facto* principles when applied to individuals who committed a sexual offense before December 20, 2012, the effective date of SORNA I. **See id.** at 1223; **see also Commonwealth v. Lippincott**, 208 A.3d 143, 150 (Pa. Super. 2019) (*en banc*).

In response to **Muniz**, the legislature enacted SORNA II, which divides sex offender registrants into two distinct subchapters—Subchapter H and Subchapter I. Subchapter H includes individuals who were convicted for an offense that occurred on or after December 20, 2012, and whose registration requirements had not yet expired. **See** 42 Pa.C.S. § 9799.11(c). Subchapter I includes individuals who were convicted for an offense that occurred "on or after April 22, 1996, but before December 20, 2012," **or** who were required to register under a former sexual offender registration law on or after April 22, 1996, but before December 20, 2012, and whose registration requirements had not yet expired. **See** 42 Pa.C.S. § 9799.52.

*Lacombe*, 234 A.3d 602 (Pa. 2020). The PCRA court granted Appellant's request and the matter was placed on hold.

On July 21, 2020, our Supreme Court issued its decision in *Lacombe*. The *Lacombe* Court held that petitioners may challenge the application of a sexual offender registration statute outside the framework of the PCRA. *Lacombe*, 234 A.3d at 618. Importantly, the *Lacombe* Court also held that "Subchapter I is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws." *Id.* at 605-06.

Following *Lacombe*, Appellant filed a motion to lift the stay, which the PCRA court granted. The Commonwealth filed a response to Appellant's PCRA petition, arguing that (1) Appellant's petition was untimely under the PCRA; and (2) even if timely, Appellant was not entitled to relief from SORNA's registration requirements in light of our Supreme Court's decision in *Lacombe*. *See* Commonwealth's Resp. to Am. PCRA Pet., 11/23/20, at 5-8.

On December 1, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition, which stated that Appellant's PCRA claims were "without merit and untimely as a matter of law." Rule 907 Notice, 12/1/20, at 1. Appellant filed a response in which he claimed that (1) the PCRA court had jurisdiction to consider his SORNA claims outside of the PCRA; and (2) the Supreme Court's holding in *Lacombe* was made in violation of *ex post facto* laws and, therefore, Appellant was entitled to relief from his sex offender registration requirements. *See* Appellant's Objs. to Rule 907 Notice, 12/15/20, at 6.

- 3 -

On January 13, 2021, the trial court issued an order denying Appellant's PCRA petition. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue:

> The PCRA court erred in denying relief because the retroactive application of SORNA's registration and reporting requirements on [Appellant] is a punishment which violates the *ex post facto* clauses of the United States Constitution and Pennsylvania Constitution.

Appellant's Brief at 4 (some formatting altered).

Appellant argues that the PCRA court erred in dismissing his PCRA petition as both untimely and meritless. *Id.* at 11. First, Appellant argues that, in light of **Lacombe**, SORNA claims may be raised outside of the PCRA. *Id.* at 12-13. However, with respect to his substantive SORNA claim, Appellant argues that **Lacombe** was wrongly decided. *Id.* at 17. In support, he asserts that Subchapter I remains punitive and that, therefore, "retroactive application of SORNA II violates the *ex post facto* clause of the United States Constitution." *Id.* Specifically, Appellant asserts:

> The holding in **Lacombe**, [Appellant] urges, is wrong. Although the amendments to SORNA (which created "SORNA II") purport to alleviate punitive requirements, [Appellant] argues that the Subchapter I is, nonetheless, punitive when applied retroactively. Specifically, including an opportunity for individuals to petition for relief from registration requirements, and using a two-tier system, are not substantial changes that negate the punitive nature of the registration requirements contained in Subchapter I. In all other ways, Subchapter I remains unchanged and still maintains punitive characteristics. The imposition of those requirements on

- 4 -

individuals who committed crimes prior to SORNA is still punitive, and violative of *ex post facto* clauses. Despite the Supreme Court's decision in **Lacombe**, [Appellant] urges that he is entitled to relief.

*Id.* at 18.

The threshold issue of whether a petitioner must raise a claim for post-conviction relief under the PCRA raises a question of law. **See Commonwealth v. Descardes**, 136 A.3d 493, 495-96 (Pa. 2016). Our standard of review is *de novo*, and our scope of review is plenary. **Id.** at 496-97.

As discussed previously, in **Lacombe**, our Supreme Court explicitly rejected the proposition that claims involving the application of sexual offender registration requirements must be raised in a timely PCRA petition.[4] **See Lacombe**, 234 A.3d at 618. Instead, the **Lacombe** Court concluded that there was no "exclusive method for challenging sexual offender registration statutes," and that, therefore, courts have jurisdiction to consider challenges to SORNA registration requirements outside of the PCRA. **Id.**

Here, in light of **Lacombe**, we agree with Appellant that the PCRA court had jurisdiction to consider his challenges to his sex offender registration

---

[4] In reaching that conclusion, the **Lacombe** Court noted that "frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final." **Lacombe**, 234 A.3d at 617. Further, under the PCRA, a petitioner could be ineligible for relief based on timeliness grounds or because their sentence has expired. **Id.**

requirements. ***See id.*** at 602. Therefore, we are constrained to conclude that the trial court erred in treating Appellant's petition as an untimely PCRA petition.

However, to the extent Appellant argues that Subchapter I violates *ex post facto* principles, we agree with the PCRA court that ***Lacombe*** is dispositive. ***See Lacombe***, 234 A.3d at 605-06 (stating that "Subchapter I is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws"); ***see also*** PCRA Ct. Op. at 4 (noting that Appellant's registration requirements fall under Subchapter I and our Supreme Court's decision in ***Lacombe***).

Further, although Appellant believes that ***Lacombe*** was wrongly decided, it remains controlling law. ***See Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa. Super. 2014) (reiterating the well-settled principle that "[t]his Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court" (citation and footnote omitted)). For these reasons, in light of our Supreme Court's decision in ***Lacombe***, Appellant is not entitled to relief. ***See Lacombe***, 234 A.3d at 605-06. Accordingly, we affirm.

Order affirmed.

Judge Colins joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/01/2021