J-S86012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BRAD E. JONES | : | |
| Appellant | : | No. 87 WDA 2016 |

Appeal from the PCRA Order December 10, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014284-2001

BEFORE: GANTMAN, P.J., MOULTON, J., STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 21, 2016**

Appellant Brad E. Jones appeals *pro se* from the Order entered in the Court of Common Pleas of Allegheny County on December 10, 2015, denying his "Writ of Habeas Corpus Ad-Subjiciendum" (hereinafter "Writ of *Habeas Corpus*")[1] as an untimely, serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant shot and killed his friend after a night of drinking and consuming drugs in 2001. Following a jury trial, Appellant was convicted of

---

[1] A writ of *habeas corpus ad subjiciendum* is defined as "[a] writ directed to someone detaining another person and commanding that the detainee be brought to court." **Joseph v. Glunt**, 96 A.3d 365, 367, appeal denied, 627 Pa. 774, 101 A.3d 787 (2014) citing BLACK'S LAW DICTIONARY 778 (9th ed. 2009).

---

* Former Justice specially assigned to the Superior Court.

third-degree murder, corruption of minors, abuse of a corpse, carrying a firearm without a license, and criminal conspiracy on March 14, 2002. Appellant was sentenced to an aggregate term of twenty-one and one-half years to forty-three years in prison, and this Court dismissed his direct appeal on April 9, 2003, for his failure to file an appellate brief. Numerous petitions filed pursuant to the PCRA followed.

On October 16, 2015, Appellant filed the instant *pro se* Writ of *Habeas Corpus* wherein he argued, *inter alia*, that "the continued validity of [his] sentence under 42 Pa.C.S.A. § 9712 violates the due process and equal protection clauses of the United States Constitution and/or Article 1 Section 9 of the Pennsylvania Constitution." **See** Writ of *Habeas Corpus*, at 2. The trial court treated this filing as Appellant's fifth PCRA petition and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition on October 27, 2015. Therein, the trial court indicated that this pleading had been filed untimely, no exception to the PCRA time-bar applied, and **Alleyne v. United States**, ___ U.S. ____, 133 S.Ct. 2151, 186 L.Ed. 314 (2013) was not retroactively applicable to Appellant's case.

Appellant filed a *pro se* Response to Notice of Intent to Dismiss on November 17, 2015, wherein he conceded that his "claim is not cognizable under PCRA because he is not challenging the legality or discretionary aspect of the actual sentence as imposed" and "his sentence was lawful as originally imposed." **See** Response to Notice of Intent to Dismiss, filed 11/17/15, at

- 2 -

1-2. The trial court issued an order dismissing Appellant's petition on December 10, 2015, and Appellant filed a timely notice of appeal on January 8, 2016, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) wherein he raised three errors. Herein, Appellant presents a single question for our review:

I.    Did the Lower Court err in construing the Habeas petition as a PCRA?

Brief for Appellant at iii.

In a disjointed discussion, Appellant essentially maintains the trial court abused its discretion in determining his contentions are cognizable under the PCRA, because he is being unlawfully detained and denied "open access to the court" in light of the fact that our Supreme Court has declared 42 Pa.C.S.A. § 9712 to be unconstitutional.  Brief for Appellant at 3-8.  This claim is meritless.

Initially, we find that the trial court properly treated Appellant's Writ of *Habeas Corpus* as a PCRA petition. Under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor** 65 A.3d 462, 465 (Pa.Super. 2013)(citations omitted); **Commonwealth v. Descardes**, ___ Pa. ____, ____, 136 A.3d 493, 498 (2016) ("This Court has construed [42 Pa.C.S. § 9542] as manifesting the legislature's intent that the PCRA be the sole means by which an appellant may collaterally challenge his conviction."). Thus, "[u]nless the PCRA could not provide for a potential remedy, the PCRA

- 3 -

statute subsumes the writ of *habeas corpus*." **Taylor**, **supra** at 465-466 (citations omitted). Furthermore, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **Taylor**, at 466; **Descardes**, **supra** ___ Pa. at _____, 136 A.3d at 501 (stating that where a claim is cognizable under the PCRA, the PCRA is the only method by which one may obtain collateral review"). Finally, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Taylor**, **supra** at 466.

Herein, Appellant contends that due to his "unique circumstances" he is serving an illegal sentence because the third-degree murder statute under which he previously had been convicted was declared unconstitutional "after the PCRA time limitations attached." Brief for Appellant at 3-6. While Appellant does not specifically cite to **Alleyne**, this Court has held that claims asserted thereunder implicate the legality of one's sentence. Accordingly, Appellant's argument is cognizable under the PCRA, not under habeas corpus law. **See Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa.Super. 2014) (en banc); **Commonwealth v. Ruiz**, 131 A.3d 54, 60 (Pa.Super. 2015) (**Alleyne** claim challenges legality of sentence which petitioner could raise in timely filed PCRA petition where his direct appeal had been pending when **Alleyne** was decided). Therefore, the trial court properly treated Appellant's Writ of *Habeas Corpus* as a PCRA petition, and we must next determine whether the petition is properly before this Court.

"The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Id***. (citations omitted). All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies, and the petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is found to be untimely, and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa.Super. 2011). ***See also Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in

this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

This Court previously found that Appellant's judgment of sentence became final on June 22, 2003, following the expiration of Appellant's opportunity to petition for review with our Supreme Court. Thus, Appellant had until June 22, 2004 to file a timely PCRA petition.  The instant PCRA petition, filed over twelve years later, is facially untimely, and Appellant has not invoked any of the statutory exceptions to the time-bar. In fact, Appellant nowhere specifies which timeliness exception he satisfies.  Indeed, as the trial court noted, Appellant makes no allegations that governmental officials prevented him from filing his petition in a timely manner, nor does his claim rest upon facts that were unknown to him at the time of conviction or upon facts that could not have been ascertained through due diligence. In addition, Appellant admits his sentence was lawful as originally imposed. As such, Appellant has failed to plead and prove one of the aforementioned exceptions to the PCRA time-bar.

Accordingly, the PCRA court properly concluded that Appellant's Writ of Habeas Corpus was an untimely, serial PCRA petition. **Jackson**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/21/2016</u>