J-S81011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARVIN DEAN MOWATT | |
| Appellant | No. 371 EDA 2016 |

Appeal from the PCRA Order January 4, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005277-2012

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 21, 2016**

Marvin Dean Mowatt appeals from the January 4, 2016 order denying his petition for post-conviction relief.  We affirm.

In late May of 2012, police operating in Morrisville Borough, Bucks County, conducted four controlled purchases of cocaine utilizing a confidential informant ("CI").  On each of the four occasions, the CI communicated with Appellant via cellular telephone to arrange a purchase of the illicit substance.  The CI then met with Appellant in the parking lot of Appellant's employer.  Appellant provided the CI with powder cocaine, and, in exchange, the CI furnished Appellant with $80 of pre-recorded money provided by police.

* Former Justice specially assigned to the Superior Court.

During the early morning hours of June 1, 2012, officers observed Appellant exit his employment and enter his vehicle. Surveillance units were aware Appellant had a suspended license and, thus, effectuated a traffic stop. The officers apprehended Appellant, and a search of his person and vehicle revealed two bags of cocaine, drug paraphernalia, and $1,978 in cash, including $130 in the pre-recorded bills.

Based on the foregoing, Appellant was charged with five counts of possession with intent to deliver ("PWID"), five counts of dealing in unlawful proceeds, five counts of criminal use of a communication facility, and other related charges. On October 19, 2012, Appellant entered an open guilty plea to five counts of PWID, five counts of dealing in unlawful proceeds, and five counts of criminal use of a communication facility. The trial court conducted the mandatory colloquy. Neither the court nor Appellant's counsel conveyed to him that he may be subject to deportation as a collateral consequence of his plea. The court accepted Appellant's guilty plea and scheduled the matter for sentencing.

The trial court held a sentencing hearing on January 25, 2013. During the sentencing hearing, Appellant's father testified that he and Appellant's mother were citizens of the United States. Appellant testified that he lived in Pennsylvania most of his life. Counsel did not elicit any further testimony regarding Appellant's citizenship. At count one, the court sentenced Appellant to six to twenty-three months incarceration and costs, with credit

for two-weeks time served. Appellant's sentence on the remaining counts was ordered to run concurrent to this sentence. The court approved immediate work release and permitted Appellant to petition for house arrest after ninety days. Appellant did not file a post-sentence motion or pursue an appeal. Thus, his judgment of sentence became final on February 24, 2013. Subsequently, Appellant was deported to the United Kingdom as a result of his conviction.

Thereafter, Appellant filed a timely PCRA petition alleging counsel was ineffective for failing to provide proper guidance regarding the immigration consequences of his guilty plea. Initially, the public defender was appointed to represent Appellant. However, Appellant retained private counsel. Private counsel filed a petition styled as an amended PCRA petition and motion for *coram nobis* relief. The court scheduled a hearing on the matter and entertained memoranda in support of the parties' positions. On January 4, 2016, the court denied Appellant's petition, and this timely appeal followed. Appellant failed to comply with the court's directive to file a Rule 1925(b) concise statement of matters complained of on appeal. Nevertheless, the court authored its Rule 1925(a) opinion based on the arguments presented during the PCRA hearing. This matter is now ready for our review.

Appellant presents one issue for our consideration:

A. Whether trial counsel was ineffective for failing to advise the Appellant, as required by the United States Constitution and the Pennsylvania Constitution, that his guilty plea could result in being deported and as such, Appellant should be allowed to withdraw his guilty plea, have his conviction abated, and his trial rights reinstated?

Appellant's brief at 5.

As a preliminary matter, the Commonwealth contends this issue is waived. The rules of appellate procedure require an appellant to file and serve a concise statement of matters complained of on appeal when directed to do so by the court. Pa.R.A.P. 1925(b). The failure to file a court-ordered statement ordinarily results in waiver of a party's claims. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).

The PCRA court did not find Appellant's issue waived. The court observed that, at the time it directed Appellant to file a Rule 1925(b) statement, it was unclear who was representing Appellant for the purpose of appeal, so the order was sent directly to Appellant. Thus, neither private counsel nor the public defender was served with notice of that order. Subsequently, since the court believed that Appellant's private counsel would handle the appeal, the court vacated a February 25, 2016 order appointing the public defender to represent Appellant on appeal. The court later learned that private counsel did not agree to represent Appellant on appeal. As such, the court granted private counsel's motion to withdraw and reinstated the public defender to Appellant's case.

Since the court's order vacating the appointment of the public defender instigated the misunderstanding as to who was truly representing Appellant on appeal, we consider this a breakdown in the processes of the court. As we agree with the PCRA court that Appellant's issue was not waived, we address it.

Appellant fashioned his petition as an amended PCRA petition and petition for *coram nobis* relief. In **Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016), the Pennsylvania Supreme Court held that a claim of ineffective assistance of plea counsel, which is based on counsel's failure to advise him of the collateral consequences of his plea, was cognizable under the PCRA. Furthermore, our High Court found that where a claim is cognizable under the PCRA, the PCRA is the only method for obtaining collateral review. **Id**. Thus, Appellant's petition was properly considered by the lower court as a petition for PCRA relief alone.

As Appellant's petition is cognizable under the PCRA, we must determine whether he is eligible for relief. Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

> (a) General Rule.- To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) Currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) Awaiting execution of a sentence of death for a crime; or

(iii) Serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9453(a).

We note, "[e]ligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for a crime." ***Commonwealth v. Turner***, 80 A.3d 754, 761-62 (Pa. 2013). As such, "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

Upon review of the record, we observe that Appellant was sentenced to six to twenty-three months incarceration on January 25, 2013, with two weeks credit for time served. Hence, Appellant completed serving his sentence on December 11, 2015. Since Appellant is no longer serving a sentence of imprisonment, probation, or parole for a crime, he is ineligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1)(i); ***Turner***, ***supra***; ***Ahlborn***, ***supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/21/2016</u>