J. S15041/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LYDIA GRINE, | : | No. 2028 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 1, 2016,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0002739-2013

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 04, 2017**

Lydia Grine appeals from the June 1, 2016 order entered in the Court of Common Pleas of Bucks County pursuant to the Post-Conviction Relief Act[1] ("PCRA") that denied her "petition for writ of ***coram nobis***" for lack of jurisdiction.  We affirm.

The PCRA court set forth the following:

> On July 11, 2013, under information No. 2739-2013, [a]ppellant pled guilty pursuant to a negotiated plea to Retail Theft[Footnote 1] and Conspiracy to Commit Retail Theft[Footnote 2] as a result of an incident that occurred on March 6, 2013. Both charges were graded as first degree misdemeanors.  Appellant was sentenced to six months' probation and completed her sentence without incident.  Appellant did not appeal her judgment of sentence.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[Footnote 1] 18 Pa.C.S.A. § 3929(a)(1).

[Footnote 2] 18 Pa.C.S.A. § 903(c).

> Appellant is not a United States citizen but was admitted to the United States as a conditional permanent resident through her marriage to a United States citizen on June 5, 2011. Appellant alleges that her conditions of permanent residence were removed on December 11, 2013, however, the [a]ppellant's arrest and conviction occurred while her residence status was conditional.
>
> On September 15, 2015, [a]ppellant filed a Petition for Writ of **Coram Nobis** and a hearing was scheduled for October 28, 2015. Both the [a]ppellant and the Bucks County District Attorney's Office requested a continuance and the hearing was scheduled on June 1, 2016. Following the hearing on June 1, 2016, this Court denied [a]ppellant's petition for writ of **Coran** [sic] **Nobis**. On June 30, 2016, [a]ppellant filed a timely Notice of Appeal to the Superior Court. Appellant was directed to file a Concise Statement of Error [sic] Complained of on Appeal and has done so.

PCRA court opinion, 9/2/16 at 1-2 (emphasis added).

Appellant raises the following issues for our review:

> [1.] Did the lower court err in denying appellant's petition for writ of **coram nobis** for lack of jurisdiction when the claim presented in appellant's petition was not cognizable under [the PCRA] and, therefore, properly pled as a petition for writ of **coram nobis**?
>
> [2.] Was appellant entitled to proceed with her claim as a petition for writ of **coram nobis** even if the lower court was correct in concluding her claim was cognizable under the [PCRA] because she never had an opportunity to pursue her claim for relief under the PCRA?

Appellant's brief at 2 (enumeration added; capitalization omitted).

In her "petition for writ of **coram nobis**," appellant sought permission to withdraw her guilty plea because "it was induced by ineffectiveness of her trial counsel" and because a recent change in the law subjected her to deportation without an opportunity to apply for a waiver. (Appellant's petition for writ of **coram nobis**, 9/15/15 at ¶14.) Appellant alleged plea counsel's ineffectiveness "for not correctly advising [appellant] of the adverse immigration consequences of her guilty plea." (**Id.** at ¶ 8.)

In **Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016), our supreme court held that a claim of ineffective assistance of plea counsel, which is based on counsel's failure to advise the defendant of the collateral consequences of her plea, was cognizable under the PCRA. Furthermore, our supreme court found that where a claim is cognizable under the PCRA, the PCRA is the only method for obtaining collateral review. **Id.** Therefore, the PCRA court properly considered appellant's petition as a petition for PCRA relief.

As appellant's petition is cognizable under the PCRA, we must now determine whether she is eligible for relief. Eligibility for relief under the PCRA is governed by 42 Pa.C.S.A. § 9543, which provides in pertinent part:

> **(a)** **General Rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> > (i) Currently serving a sentence of imprisonment, probation or parole for the crime;
> >
> > (ii) Awaiting execution of a sentence of death for a crime; or
> >
> > (iii) Serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S.A. § 9543(a).

Of course, "[e]ligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for a crime." *Commonwealth v. Turner*, 80 A.3d 754, 761-762 (Pa. 2013). As such, "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

Here, appellant was sentenced to six months of probation on July 7, 2013, and completed serving her sentence on January 7, 2014. Because appellant is no longer serving a sentence of imprisonment, probation, or parole for a crime, she is ineligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *see also Turner*, 80 A.3d at 761-762; *Ahlborn*, 699 A.2d

at 720. Therefore, the PCRA court properly denied appellant's petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2017