J-S24018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAMOND GROVER | |
| Appellant | No 994 WDA 2016 |

Appeal from the PCRA Order May 13, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0005610-1994

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAMOND GROVER | |
| Appellant | No. 1129 WDA 2016 |

Appeal from the PCRA Order July 11, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0005610-1994

BEFORE: PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED JUNE 12, 2017**

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant Damond Grover *pro se* appeals from the May 13, 2016 and July 11, 2016 orders of the Court of Common Pleas of Allegheny County ("PCRA court"), which dismissed as untimely his serial petitions for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The facts and procedural history of this case are undisputed. As recounted by the PCRA court:

> On January 11, 1995, [Appellant] was found guilty of second-degree murder, robbery, criminal conspiracy and of carrying a firearm without a license. [He] was sentenced to the mandatory sentence of life without the possibility of parole in addition to a sentence of eight to sixteen years which was to run concurrent with the sentence of life. [Appellant] filed an appeal to the Superior Court, which affirmed the judgment of sentence on June 28, 1996. On March 17, 1997, the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal. [Appellant] did not seek review by the United States Supreme Court and, accordingly, his judgment of sentence became final on June 16, 1997. [At docket number **994 WDA 2016**, Appellant] filed the instant petition for *coram nobis* on September 14, 2015,[1] more than eighteen years after his judgment of sentence had become final.

_____

[1] Section 9542 of the PCRA provides in that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and **coram nobis**." 42 Pa.C.S.A. § 9542 (emphasis added). Thus, the PCRA statute subsumes the writ of *coram nobis*. **See Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) ("The PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*."); **accord Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016). Accordingly, the trial court properly treated Appellant's writ of *coram nobis* as a PCRA petition.

PCRA Court Opinion, 9/19/16, at 2-3. At docket number **1129 WDA 2016**, Appellant *pro se* filed a "motion to modify and correct sentence" on March 1, 2016. Treating Appellant's writ of *coram nobis* as a PCRA petition, the PCRA court denied Appellant relief on May 13, 2016.[2] Similarly, treating it as a PCRA petition, on July 11, 2016, the PCRA court dismissed as untimely Appellant's motion to modify and correct sentence. Appellant *pro se* timely appealed from both orders.[3] Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's PCRA petitions were untimely and that he failed to plead and prove any exceptions to the PCRA's time-bar.

On appeal,[4] Appellant raises six issues for our review:

> [I.] Did the [trial c]ourt's action(s) violate the due process protections afforded by the 14th Amendment of the United States Constitution?

---

[2] By way of background, on May 13, 2003, a panel of this Court affirmed the dismissal of Appellant's first PCRA petition, agreeing with the PCRA court that it was untimely. The panel noted that Appellant's PCRA petition "had to be filed by June 16, 1998, but was not filed until March 3, 2000." **Commonwealth v. Grover**, No. 684 WDA 2002, unpublished memorandum at 2 (Pa. Super. filed May 13, 2003).

[3] On September 12, 2016, we *sua sponte* consolidated the appeals at docket numbers 994 WDA 2016 and 1129 WDA 2016.

[4] "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

[II.] Did the sentencing court abuse its discretion thereby committing error by changing sentencing statute to 42 Pa.C.S.A. § 9711?

[III.] Does the statute at 42 Pa.C.S.A. § 9711 possess statutory authorization to support a sentence of life imprisonment for second degree murder?

[IV.] Does the lower court's amended order adhere to the plain language of 42 Pa.C.S.A. § 9545(b)(1)(ii)?

[V.] Did the lower court override or misapply the law when changing Appellant's sentencing statute?

[VI.] Did the lower court err when it changed Appellant's *coram nobis* to a Post Conviction Relief Act petition?

Appellant's Brief at 7 (sic). At the core, Appellant appears to challenge the legality of his sentence of life imprisonment for second degree murder.

As a threshold matter, we must determine whether the PCRA court erred in dismissing as untimely Appellant's PCRA petitions. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, as stated earlier, the record reflects that Appellant's judgment of sentence became final on June 16, 1997. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant, therefore, had until June 16, 1998 to file a timely PCRA petition. The current filings are facially untimely given they were filed on September 14, 2015 and March 1, 2016, respectively.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant has failed to allege, let alone prove, any exceptions to the one-year time bar. Accordingly, the PCRA court did not err in dismissing as untimely Appellant's PCRA petitions for want of jurisdiction.

Orders affirmed.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2017