J-S72034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS GAY | : | |
| | : | |
| APPELLANT | : | No. 3487 EDA 2016 |

Appeal from the PCRA Order October 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0504821-1995

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 14, 2017**

Appellant Marcus Gay appeals from the order of the Court of Common Pleas of Philadelphia County dismissing Appellant's purported *habeas* petition, which it deemed an untimely petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On October 31, 1996, a jury convicted Appellant of first-degree murder and possession of an instrument of crime (PIC). On November 4, 1996, the trial court sentenced Appellant to life imprisonment for murder and a concurrent three to five-year prison sentence for PIC. Appellant did not file a direct appeal.

On December 7, 1998, Appellant filed a PCRA petition, requesting the reinstatement of his direct appeal rights. After this petition was granted, Appellant filed a direct appeal. On August 29, 2001, this Court affirmed the

_____

* Former Justice specially assigned to the Superior Court.

judgment of sentence.  On March 27, 2002, the Supreme Court denied Appellant's petition for allowance of appeal.  Appellant subsequently filed three unsuccessful PCRA petitions which have no relevance to this decision.

On December 30, 2015, Appellant filed the instant *pro se* petition, which he styled as a petition for writ of *habeas corpus*.  On June 7, 2016, the lower court filed an order, characterizing Appellant's filing as a PCRA petition and issuing notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  On June 21, 2016, Appellant filed a response to the Rule 907 notice.  On October 11, 2016, the PCRA court dismissed Appellant's petition.  This timely appeal followed.

As an initial matter, we review the lower court's decision to characterize Appellant's purported *habeas* petition as a PCRA petition.  As a general rule, the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies … including habeas corpus and coram nobis." **Commonwealth v. Descardes**, 635 Pa. 395, 402-403, 136 A.3d 493, 497–98 (2016) (citing 42 Pa.C.S. § 9542). Unless the PCRA cannot provide the petitioner a potential remedy, the PCRA subsumes the writ of habeas corpus. **Commonwealth v. Fahy**, 558 Pa. 313, 331-32, 737 A.2d 214, 223-24 (1999).

In Appellant's purported *habeas* petition, he argued that the deficiencies in his criminal information caused his conviction and sentence to be legal nullities and deprived the trial court of subject matter jurisdiction.   We agree that Appellant's claim that the trial court lacked jurisdiction was a cognizable

matter under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(viii) (providing that a petitioner's claim that his conviction or sentence resulted from a "proceeding in a tribunal without jurisdiction" is eligible for collateral review under the PCRA). Thus, the lower court correctly treated Appellant's purported *habeas* petition as a PCRA petition.

When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. **Commonwealth v. Smallwood**, 155 A.3d 1054, 1059 (Pa.Super. 2017) (citations omitted). As an initial matter, we must determine whether this PCRA petition was timely filed. "[T]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted).

Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the

claim first could have been presented. ***Leggett***, 16 A.3d at 1146 (citing 42 Pa.C.S.A. § 9545(b)(2)).

As noted above, the trial court sentenced Appellant on November 4, 1996, this Court affirmed the judgment of sentence on August 29, 2001, the Supreme Court denied allowance of appeal on March 27, 2002. Appellant did not seek review in the Supreme Court of the United States. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9543(b)(3). Appellant's judgment of sentence became final on June 26, 2002, after the expiration of the ninety-day period in which he was allowed to seek review in the U.S. Supreme Court. ***See*** U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). As such, Appellant needed to file his PCRA petition by June 26, 2003. As Appellant filed the instant petition on December 30, 2015, over twelve years past the deadline, this petition is facially untimely.

Moreover, Appellant makes no attempt to plead or prove that one of the PCRA timeliness exceptions is applicable in this case. ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa.Super. 2017) (emphasizing that the petitioner bears the burden to prove an applicable statutory exception to the PCRA timeliness requirement). As a result, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017