J-S37015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE MURRAY | : | |
| | : | |
| Appellant | : | No. 3859 EDA 2017 |

Appeal from the PCRA Order October 27, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1111091-1982

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED JULY 13, 2018**

Appellant, Bruce Murray, appeals *pro se* from the October 27, 2017 order dismissing his seventh petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

As our disposition of this appeal is based on the procedural posture of this case, we decline to set forth the factual background. On April 23, 1984, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole after he was convicted of several offenses including, *inter alia*, second-degree murder. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. **Commonwealth v. Murray**, 505 A.2d 1035 (Pa. Super. 1985) (unpublished memorandum), *appeal denied*, 1872 EAL 1985 (Pa. Nov. 26, 1986).

_____

* Former Justice specially assigned to the Superior Court.

On November 13, 1996, this Court affirmed the denial of Appellant's petition filed pursuant to the Post-Conviction Hearing Act[1] except as to a concurrent term of imprisonment which this Court vacated. ***Commonwealth v. Murray***, 688 A.2d 1229 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 704 A.2d 636 (Pa. 1997). This Court subsequently affirmed the dismissal of Appellant's second and third *pro se* PCRA petitions. ***Commonwealth v. Murray***, 972 A.2d 558 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 980 A.2d 607 (Pa. 2009); ***Commonwealth v. Murray***, 105 A.3d 38, 2014 WL 10917648 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 105 A.3d 736 (Pa. 2014).

On February 3, 2016, the PCRA court dismissed Appellant's fourth PCRA petition. On January 17, 2018, this Court affirmed the dismissal of that petition. ***Commonwealth v. Murray***, 183 A.3d 1063, 2018 WL 460965 (Pa. Super. 2018) (unpublished memorandum). While Appellant's appeal of the dismissal of his fourth PCRA petition was pending, he filed his fifth PCRA petition. On March 8, 2017, the PCRA court dismissed that petition.

While Appellant's appeal of the dismissal of his fourth PCRA petition was pending, he also filed his sixth *pro se* PCRA petition. The PCRA court dismissed

---

[1] The Post-Conviction Hearing Act was the predecessor to the PCRA. For simplicity, we treat Appellant's Post-Conviction Hearing Act petition as his first PCRA petition.

the petition and this Court affirmed. ***Commonwealth v. Murray***, 2018 WL 1465191 (Pa. Super. Mar. 26, 2018) (unpublished memorandum).

While Appellant's appeal of the dismissal of his fourth PCRA petition was pending, he also filed a document titled a petition for a writ of *quo warranto*. The PCRA court treated the filing as his seventh, *pro se* PCRA petition. On October 27, 2017, the PCRA court dismissed the petition. This timely appeal followed.[2]

Appellant presents four issues for our review:

1. [Whether the PCRA court properly construed Appellant's filing as a PCRA petition?

2. Whether the PCRA court properly held that it lacked jurisdiction over Appellant's filing because of the rule announced in ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000)?

3. Whether a *quo warranto* action is a civil action?

4. Whether a *quo warranto* action challenges the right of an individual to hold office?]

Appellant's Brief at ii.[3]

In his first issue, Appellant argues that the PCRA court erred by construing his petition for a writ of *quo warranto* as a PCRA petition. Whether a pleading is properly construed as a PCRA petition is a question of law;

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b).

[3] We have restated and renumbered the issues for clarity and ease of disposition.

therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Descardes**, 136 A.3d 493, 497 (Pa. 2016) (citation omitted).

"The [PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542. On the other hand, "[a] writ of *quo warranto* is a means by which to test title or right to public office." **Commonwealth v. Kane**, 2018 WL 2376305, *3 n.10 (Pa. Super. May 25, 2018).

Appellant's filing challenged the validity of his conviction. **See** Appellant's Seventh PCRA Petition, 8/15/17, at 3 and 8. It is immaterial that Appellant challenged the validity of his conviction by alleging that a judge did not take the appropriate oath of office. We must examine the relief sought when determining if a filing is properly construed as a PCRA petition. **Descardes**, 136 A.3d at 405. In this case, Appellant challenged the validity of his conviction and sought vacatur of decisions upholding that conviction. Hence, the PCRA court properly construed the filing as Appellant's seventh PCRA petition.

In his second issue, Appellant argues that the PCRA court erred in dismissing his petition pursuant to **Lark**. In **Lark**, "our Supreme Court held that a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is

sought, or upon the expiration of the time for seeking such review." ***Commonwealth v. Montgomery***, 181 A.3d 359, 363 (Pa. Super. 2018) (*en banc*) (cleaned up). In this case, Appellant's appeal of the dismissal of his fourth PCRA petition was pending when he filed this, his seventh, PCRA petition. Thus, the PCRA court properly concluded that it lacked jurisdiction over the petition under ***Lark***. As the PCRA court properly dismissed the petition for lack of jurisdiction, we decline to address Appellant's remaining appellate claims.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/18