J-S43032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMANUEL HARMAN | : | |
| | : | |
| Appellant | : | No. 118 WDA 2018 |

Appeal from the Order December 21, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001769-2008

BEFORE:  STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 24, 2018**

Appellant Emanuel Harman appeals from the order dismissing as untimely his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant argues that his guilty plea was defective in light of the decision in ***Padilla v. Kentucky***, 559 U.S. 356 (2010).  We affirm.

The PCRA court summarized the relevant factual and procedural history of this case as follows:

> [Appellant] is a native of South Sudan and a citizen of Sudan. [Appellant] was admitted to the United States at Chicago, IL on or about July 25, 2003 as a refugee.  On November 10, 2005, [Appellant]'s status was adjusted to a lawful permanent resident of the United States.

> On January 5, 2009, [Appellant] ple[d] guilty to Theft by Unlawful Taking, 18 § Pa.C.S.A. 3921(a), and Receiving Stolen Property, 18 § Pa.C.S.A. 3925(a).  On March 2, 2009, [Appellant] was sentenced to 60 months of probation.  [Appellant did not take a direct appeal].  On August 23, 2010, [Appellant] was revoked and resentenced to the same 60 months of county probation.  On January 4, 2013, [Appellant] was again revoked and then

resentenced to 9 to 23.5 months' incarceration at the Erie County Prison with 119 days credit for time served followed by 3 years of county probation. [Appellant did not appeal from the January 4, 2013 revocation sentence.]

On or about September 20, 2016, [Appellant] received a form I-862 Notice to Appear ("I-862") stating he was required to appear before an Immigration Judge. The I-862 stated [Appellant] is subject to removal from the United States pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("Act"), as amended, in that, at any time after admission, [Appellant] was convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [of] at least 1 year was imposed. Specifically, the I-862 stated [Appellant] was convicted on March 2, 2009 for the offense of Theft by Unlawful Taking for which a term of 60 months of probation was originally sentenced on March 2, 2009. [Appellant] was then resentenced on January 4, 2013 to a term of 9 to 23.5 months of incarceration. [Appellant] was also convicted on March 2, 2009 for the offense of Receiving Stolen Property which a term of 60 months of probation was originally sentenced on March 2, 2009. [Appellant] was then resentenced on January 4, 2013 to merge with Count 3 - Theft by Unlawful Taking for sentencing purposes.

Pa.R.Crim.P. 907 Notice, 11/17/17, at 2-4; *see also* PCRA Ct. Op., 3/18/17 at 1.

Appellant's *pro se* PCRA petition was docketed on August 7, 2017. The PCRA court appointed counsel, who filed an amended petition on October 6, 2017. The PCRA court issued a Rule 907 notice of intent to dismiss on November 17, 2017, concluding that Appellant's petition was facially untimely and failed to prove any of the time-bar exceptions. *See* Rule 907 Notice,

11/17/17.  Appellant did not file a counseled response.[1]  On December 21, 2017, the PCRA court entered an order dismissing the petition.  This timely appeal followed.[2]

Appellant presents the following question for review:

Whether the instant guilty pleas were deficient in that neither the Commonwealth, the [c]ourt nor [Appellant's] attorney ever apprised [Appellant] of the potential consequence of his guilty pleas and resultant conviction arising therefrom causing him to potentially be deported as violations of INS law under *Padilla v. Kentucky* . . . ?

Appellant's Brief at 2 (emphasis added).

Appellant argues that his 2009 guilty plea was deficient, as he was never apprised of the potential immigration consequences of entering a plea.  *Id.* at 4.  In support, Appellant relies on *Padilla*, in which the United States Supreme Court held that counsel has an affirmative duty to inform a defendant of the deportation consequences of entering a plea.  *Id.* at 4-5; *see Padilla*, 559 U.S. at 356.  Appellant argues that *Padilla* imposes a new constitutional right, and therefore, should apply to his case retroactively.  Appellant's Brief at 5.

_____

[1] The record contains Appellant's *pro se* letter responding to the PCRA court's Rule 907 notice and asserting governmental interference based on the trial court's, the Commonwealth's, and his plea counsel's failure to inform him of the deportation consequences of his plea.  However, Appellant did not explain how the alleged interference prevented him from filing a PCRA petition several years after *Padilla* was decided or nearly one year after receiving notice of the deportation proceedings.

[2] Appellant filed a timely notice of appeal on January 19, 2018, and a timely, court-ordered concise statement of errors complained of on appeal on February 9, 2018.  The PCRA court entered an opinion on March 13, 2018.

Finally, he states that "the instant PCRA [p]etition and invocation of his rights is a timely exercise and filing in that governmental interference served to deprive him of the timely filing of his pleading" *Id.*

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

An untimely PCRA petition may be considered if one of the following statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, the Pennsylvania Supreme Court has held that the PCRA does not permit "*ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citations omitted).

Here, Appellant's judgment of sentence became final on April 1, 2009, when the time for taking a direct appeal expired.  *See* 42 Pa.C.S. § 9545(b)(1), (3); Pa.R.A.P. 903(a).  Therefore, Appellant had until April 1, 2010 to file a timely PCRA petition.  *See* 42 Pa.C.S. § 9545(b)(1).  Appellant filed the instant petition on August 7, 2017, more than seven years after the deadline.  Thus, his petition was facially untimely.[3]

Appellant's reliance on *Padilla* is unavailing.  In *Chaidez v. United States*, 568 U.S. 342 (2013), the United States Supreme Court held that *Padilla* does not apply retroactively on collateral review.  *Chaidez*, 568 U.S. at 344.  Thus, *Padilla* cannot serve as the basis for excusing Appellant's untimely PCRA petition.  *See* 42 Pa.C.S. § 9545(b)(1)(iii); *see also Commonwealth v. Descardes*, 136 A.3d 493, 496 n.6 (Pa. 2016) ("*Padilla*

_____

[3] Because Appellant challenges the validity of his initial plea in this case, we use the March 2, 2009 date of his original conviction to determine the facial timeliness of his PCRA petition.  Even if Appellant was challenging his January 4, 2013 sentence following revocation of his probation, the instant petition would be untimely on its face.

does not apply retroactively and may not serve as the basis for a collateral attack on a conviction which became final before that decision.").

Moreover, Appellant's bare assertion that the government interfered with his ability to raise a claim based on **Padilla** is wholly undeveloped in his brief. Thus, we decline to address it. **See Commonwealth v. McDermitt,** 66 A.3d 810, 814 (Pa. Super. 2013) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal." (citation omitted)).

Accordingly, we conclude that Appellant has failed to satisfy any exception to the PCRA time bar.[4] Therefore, the PCRA court did not err in dismissing the petition as untimely. **See Ousley**, 21 A.3d at 1242.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2018

---

[4] We add that it is unclear whether Appellant is still serving the sentence in this matter. **See Descardes**, 136 A.3d at 503. Nevertheless, because Appellant's PCRA petition was untimely, we need not determine whether he remains eligible for relief under the PCRA.