J-A12019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :             PENNSYLVANIA
                                                :
                  v.                                :
                                                :
KELLY B. DONAHUE                    :
                                                :
                 Appellant            :     No. 1452 WDA 2021

Appeal from the Order Entered November 5, 2021
In the Court of Common Pleas of Jefferson County
Criminal Division at CP-33-CR-0000534-2002

BEFORE: MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                  **FILED: May 13, 2022**

       Kelly B. Donahue (Appellant) appeals *pro se* from the trial court's denial of his motion to compel. Upon review, we affirm.

       On March 18, 2003, Appellant pled guilty to one count of driving under the influence (DUI)—second offense, and one count of fleeing or attempting to elude.[1] The trial court sentenced Appellant to 1 – 2 years of incarceration followed by two years of probation (consecutive to an unrelated sentence). The court also ordered Appellant to pay fines and costs, undergo a

> one year license loss subject to Act 122 before the restoration of [Appellant's] license; and also subject to Act 63 of 2000, which

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3731(a)(1), 3733(a).

requires an interlock device ... [and pay] restitution in the amount of $1,576.98.

N.T., 3/18/03, at 7-8.[2] An entry on the trial court docket dated March 21, 2003, states: "DL21 FORM WAS PREPARED AND MAILED THIS DAY TO THE BUREAU OF DRIVERS LICENSING IN HARRISBURG, PA. NO LICENSE TO SURRENDER AT THIS TIME."

Appellant did not timely appeal. On September 9, 2003, he filed a *pro se* petition seeking relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9545, without success. *See **Commonwealth v. Donahue***, 509 WDA 2017 (Pa. Super. Ct. Jan. 3, 2018) (unpublished memorandum at *1).

> Appellant was released from prison in February 2016, though it is unclear as to his parole or probation status at that time. However, it is clear from the notes of testimony that at that time, probation had not yet begun on his 2003 DUI case. In October 2016, a detainer was issued for his arrest due to new charges. In November 2016, Appellant appeared for a ***Gagnon I*** hearing without counsel. [***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).] Final disposition was scheduled for a later date. On February 21, 2017, the court held a ***Gagnon II*** hearing. At that hearing, the court took judicial notice of Appellant's plea and sentence for public drunkenness in Berks County and his plea and sentence for false identification to law enforcement in York County. The court noted that although Appellant had not yet started his probation on the 2003 sentence due to the time taken to complete the Clearfield County sentence, it would sentence him for pre-probation activity as Appellant had received new charges. At the conclusion of the hearing, the court revoked Appellant's probation and re-sentenced Appellant to six months to

---

[2] The court explained "the DUI sentence is outside of the guidelines because more serious charges were brought and because of [Appellant] already being incarcerated in a state prison[.]" N.T., 3/18/03, at 7.

- 2 -

two years of incarceration with credit for time served from October 14, 2016, consecutive to Appellant's other sentences[.]

*Id.* (record citations and footnotes omitted).

Appellant filed a direct appeal, raising as his "sole issue" the discretionary aspects of his sentence following revocation. *Id.* at 5. On January 3, 2018, this Court affirmed. *Id.*

On October 28, 2021, Appellant filed a *pro se* motion in the trial court, asking the court to "submit to PENNDOT" a DL-21CF Form "verifying [Appellant] has complied with the court's order of March 18, 2003." Motion to Compel, 10/28/21, at 1.[3] Appellant asserted that he successfully completed a drug and alcohol treatment program, and requested the court send a DL-21CF Form to the Department of Transportation so Appellant could obtain his driver's license. *Id.* at 2. Appellant attached to the motion a letter, dated October 4, 2021, from Kara N. Templeton, Director of the Pennsylvania Department of Transportation's Bureau of Licensing, which stated:

> I have enclosed a letter which lists the violations listed on your driving record. This letter also lists the additional requirements you must fulfill prior to the reinstatement of your driving privilege.

---

[3] The motion is not subject to the PCRA. A claim is cognizable under the PCRA if the petitioner pleads and proves by a preponderance of the evidence that: (1) he has been convicted of a crime under the laws of this Commonwealth; (2) he is serving a sentence of imprisonment, probation, or parole for the crime; and (3) his conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S.A. § 9543(a)(2), including ineffective assistance of counsel. *Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016).

Motion to Compel (Exh. B). Attached to Ms. Templeton's letter was a "Restoration Requirements Letter," dated October 1, 2021, which indicated that the date of Appellant's eligibility to drive "has not been determined." *Id.* (Exh. C). In addition to stating that Appellant was required to comply with Act 122 and successfully complete a treatment program for drug and alcohol addiction, the letter listed two "INDEFINITE SUSPENSIONS," where Appellant "did not respond to a traffic citation," but owed respective amounts of $1041.50 and $104.00. *Id.* The letter also stated that to obtain his license, Appellant "must apply for an Ignition Interlock license." *Id.*

On November 5, 2021, the court denied Appellant's motion "unless and until [he] pays the [total] remaining balance due in this case, being $1,578.13. It is noted [Appellant] has not made a payment on this account since April 11, 2016." Order, 11/5/21.

Appellant filed a timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents four issues for review:

1. Did the trial court err in its November 5, 2021 order, denying the Appellant's motion to compel the trial court, *et. al*, to submit to PENNDOT a DL-21CF form certifying that Appellant successfully completed a drug and alcohol treatment program as per Act 122 requirements, in order to obtain reinstatement of a Pa. driver's license privilege?

2. Did Appellant satisfy the trial court's order of March 18, 2003, by successfully completing a treatment program for drug and alcohol addiction?

3. Did Appellant pay in full any and all costs, fines [and] restitution that were known of for Docket No. CP-33-CR-534-2002?

4. Does the trial court's actions/inactions in the denial of Appellant's motion to compel amount to extortion, debtor's prison, double jeopardy and/or malicious prosecution?

Appellant's Brief at 5.

Although Appellant presents four issues, he does not divide his argument into "as many parts as there are questions to be argued" with "distinctive type" or headings. *See* Pa.R.A.P. 2119(a). More importantly, Appellant does not advance a sound legal argument. *See* Appellant's Brief at 10-19 (citing random case law and precepts and assailing the sentence imposed on March 18, 2003, and the sentence following revocation on February 21, 2017). For example, Appellant asserts:

> Appellant's suspension of license was for a total of (2) years, not (20) years. The trial court is attempting to extort the Appellant for $1,578.13 for the alleged balance due, in the current illegal sentence Appellant is serving. The trial court's actions/inactions are a continued form of malicious prosecution that extends from DOCKET NO. 504/98 "VACATED" DOC # EA 2071 to present day, thus blatantly violating Appellant's US CONST/Pa.CONST rights and creating a debtors prison situation.

Appellant's Brief at 9.[4]

When issues and arguments are undeveloped, we may dismiss an appeal or find issues waived. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007); Pa.R.A.P. 2101 (briefing defects may result in dismissal). "This Court will not act as counsel and will not develop

---

[4] By correspondence to this Court dated March 4, 2022, the Commonwealth advised it "will not be filing a brief in response to the Appellant's Brief."

arguments on behalf of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted). Although Appellant is *pro se*, it is a "well-known legal maxim that everyone is presumed to know the law," and "ignorance of the law is no excuse." ***Commonwealth v. McBryde***, 909 A.2d 835, 838 (Pa. Super. 2006).

Instantly, we could find waiver because Appellant has failed to present a coherent argument. Yet even in the absence of waiver, no relief would be due. Appellant's judgment of sentence is final. The trial court explained:

> As [Appellant] recognizes, the DL-21CF form includes a verification that [Appellant] has complied with the relevant court order. In this case, that order was issued on March 18, 2003. Among its provisions was that [Appellant] pay the specified fines, costs, and restitution, of which $1,578.13 remains outstanding. [Appellant] suggests that he has fulfilled that obligation, but the Jefferson County Clerk of Courts' records show otherwise. *See* attached. That being the case, [Appellant] has failed to meet the conditions that would entitle him to reinstatement of his license.

Trial Court Opinion, 1/4/22, at 1. The record supports the trial court's determination. Appellant is subject to the terms of his sentence.[5] As our review reveals no error by the trial court, we affirm the denial of relief.

Order affirmed.

---

[5] It bears noting that decisions of the Department of Transportation, including license suspensions and reinstatements, are civil matters. The results of criminal proceedings (such as those involving DUI) are not relevant to appeals of such decisions in Commonwealth Court. ***See Regula v. Commonwealth Dep't of Transp., Bureau of Driver Licensing***, 146 A.3d 836, 843 (Pa. Commw. Ct. 2016)

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2022