J-S38044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVAN CASTELLANOS | : | |
| | : | |
| Appellant | : | No. 1636 EDA 2022 |

Appeal from the PCRA Order Entered May 18, 2022,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s): CP-48-CR-0001114-2015.

BEFORE: KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JANUARY 3, 2023**

Evan Castellanos appeals *pro se* from the order denying his untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court succinctly summarized the procedural history of this case as follows:

> [Castellanos] filed a direct appeal attacking his negotiated plea with sentence bargain [to attempted murder] as unknowing and involuntary. The direct appeal was denied by Superior Court on March 30, 2017. [Castellanos'] petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on August 2, 2017. The Supreme Court's order of August 2, 2017, was the final order affirming [Castellanos'] conviction.
>
> [Castellanos] filed his first, timely PCRA [petition] on February 13, 2018. The first PCRA petition was denied after a hearing by [the PCRA court's order] entered June 1, 2018. [Castellanos] appealed to the Superior Court. The Superior

Court affirmed [the] order denying PCRA relief on June 24, 2019.

On October 7, 2019, [Castellanos] filed his second PCRA petition styled as a "Petition for Habeas Corpus Relief" purportedly filed against an agency of the Commonwealth – the Department of Corrections – in the court of common pleas. In his second PCRA filing [Castellanos] again attempted to attack the validity of his guilty plea. [The PCRA court] recognized the petition for habeas corpus relief as an effort to circumvent the PCRA and it was untimely under the one year jurisdictional time bar set forth under the PCRA. On October 17, 2019, [the PCRA court] denied the habeas corpus petition. No appeal was filed.

On June 25, 2021, [Castellanos] filed his third PCRA petition, this time styled as a "Motion for Nunc Pro Tunc Reinstatement of PCRA Petition filed 2/13/2016". [The PCRA court] again denied the filing as untimely under the [PCRA]. An appeal was filed. The Superior Court denied [Castellanos'] appeal on February 22, 2022.

[O]n April 1, 2022, [Castellanos] filed another petition for writ of habeas corpus, advancing a theory that his guilty plea was unknowing and involuntary due to ineffective assistance of counsel. This filing was yet another attempt to evade the jurisdiction time frame of Pennsylvania's [PCRA]. On May 18, 2022, [the PCRA court] entered an order denying this fourth attempt for [post-conviction relief] as time barred, after circulating a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907.

PCRA Court Opinion, 7/12/22, at 1-2 (citation and excess capitalization omitted). This appeal followed. Both Castellanos and the PCRA court have complied with Pa.R.A.P. 1925.

Castellanos now raises the following issue on appeal:

A. Whether the [PCRA] court abused its discretion in dismissing [Castellanos'] petition for habeas corpus relief alleging his confinement is based on the denial of his right to a counseled PCRA proceeding.

Castellanos' Brief at 3 (excess capitalization omitted).

Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. *Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

Before we consider the issue Castellanos raises on appeal, we first note that the PCRA court properly considered his latest filing for post-conviction relief as a serial PCRA petition because he raises a claim of ineffectiveness of counsel. *See* 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*"); *Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2), including ineffectiveness of counsel").

Treating Castellanos' filing as a PCRA petition, we must next determine whether the PCRA court's conclusion that his fourth PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed

within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Castellanos' judgment of sentence became final on October 31, 2017, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore,

Castellanos had until October 31, 2018, to file a timely petition. Because Castellanos filed his fourth PCRA petition in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Castellanos has failed to plead and prove any exception to the PCRA's time bar. In his *pro se* brief, he raises a claim of ineffectiveness of counsel. Such allegations cannot establish an exception to the PCRA's time bar. *See*, *e.g.*, *Commonwealth v. Edmiston*, 65 A.3d 339, 349 (Pa. 2013) (explaining that allegations of ineffectiveness of counsel will not overcome the jurisdictional timeliness requirements of the PCRA). Therefore, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of the Castellanos' fourth PCRA petition.[1] *Derrickson*, *supra*.[2] We therefore affirm its order denying post-conviction relief.

Order affirmed.

_____

[1] Castellanos' 2022 filing does not appear in the certified record. Nevertheless, we note that in his May 9, 2022, response to the PCRA court's Rule 907 notice, Castellanos did not acknowledge the PCRA's time restrictions or the exceptions thereto.

[2] Although we likewise lack jurisdiction to consider the merits of Castellanos' issue, we note that his first PCRA petition was not uncounseled. Rather, the record reflects that counsel was appointed for Castellanos, but after a review determined the petition to be meritless and filed a motion to withdraw. We concurred with counsel's assessment, granted counsel's motion, and affirmed the denial of post-conviction relief. *See Commonwealth v. Castellanos*, 219 A.3d 258 (Pa. Super. 2019) (non-precedential decision). The fact that Castellanos disagrees with these determinations does not render his first petition uncounseled.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2023