J-S06024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LENWARD E. GOLPHIN | : | |
| | : | |
| Appellant | : | No. 1877 EDA 2023 |

Appeal from the PCRA Order Entered June 23, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1224451-1984

BEFORE:  DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 17, 2024**

Lenward E. Golphin appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition as untimely. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously summarized the facts as follows:

> On February 25, 1986, a jury found [Golphin] guilty of murder in the first degree. On May 6, 1986, the court sentenced him to a term of incarceration of not less than life. This Court affirmed [his] judgment of sentence on December 21, 1987. (**See Commonwealth v. Golphin**, 538 A.2d 939 (Pa.Super. 1987)). On May 10, 1988, the Pennsylvania Supreme Court denied leave to appeal. (**See Commonwealth v. Golphin**, 542 A.2d 1366 (Pa. 1988)). Thereafter, . . . [Golphin] filed [numerous] unsuccessful PCRA petitions.

**Commonwealth v. Golphin**, No. 819 EDA 2017, 2017 WL 4877015, at *1 (Pa.Super. 2017) (unpublished mem.).

On June 28, 2022, Golphin filed the instant petition, styled as a petition for *habeas corpus* relief. The court treated it as a PCRA petition and issued notice of its intent to dismiss the petition, pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Golphin filed a *pro se* response. On June 23, 2023, the PCRA court dismissed the petition as untimely. This appeal followed.

Golphin raises the following issue: "[Whether] the [t]rial [c]ourt abused its discretion in dismissing [Golphin's] Petition for *Habeas Corpus* Relief alleging he is illegally confined on the basis of a PCRA proceeding that was effectively uncounseled[.]" Golphin's Br. at 3. Golphin argues that PCRA counsel was ineffective for failing to comply with the court's November 21, 1994 order to file affidavits of certain potential witnesses. *Id.* at 7.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We initially conclude that the PCRA court was correct to treat Golphin's petition for a writ of *habeas corpus* as a PCRA petition. "[I]t is well established that pursuant to Pennsylvania law, the PCRA subsumes the writ of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute." **Commonwealth v. Burkett**, 5 A.3d 1260, 1274 (Pa.Super. 2010). Claims of ineffective assistance of counsel are cognizable under the PCRA. **Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion

as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013). Thus, the court did not err in treating Golphin's filing as a PCRA petition.

Golphin's petition was untimely, and we therefore do not address the merits of his claim. Any petition for PCRA relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the one-year bar. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). The PCRA's time restrictions are jurisdictional, and "[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence has become final only if the petitioner pleads and proves at least one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, Golphin filed his petition on June 28, 2022. His judgment of sentence became final on July 11, 1988 when the time for him to petition the United States Supreme Court for a writ of *certiorari* expired. Since he filed the PCRA petition more than 30 years after his judgment of sentence became final, it is facially untimely and Golphin bore the burden of pleading and proving at least one of the time-bar exceptions. Golphin did not address timeliness in his PCRA petition or attempt to raise one of the time-bar exceptions. Because Golphin's petition was filed more than 30 years after his judgment of sentence became final, and he did not plead a time-bar exception in his PCRA petition, the PCRA court did not err in dismissing Golphin's petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/17/2024